NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2010[*]
Decided March 17, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2724

| | |
|---|---|
| MARGARET L. WILSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, |
| | Fort Wayne Division. |
| *v.* | |
| | No. 07 CV 60 |
| KAUTEX, INC., | |
| *Defendant-Appellee.* | Theresa L. Springmann, |
| | *Judge.* |

**O R D E R**

In this action under Title VII of the Civil Rights Act of 1964, Margaret Wilson claims that Kautex, her former employer, subjected her to a hostile work environment, fired her because of her sex and race, and retaliated against her because she engaged in statutorily protected activity. *See* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). Both parties moved for summary judgment, but because Wilson did not submit a statement of material facts supported by appropriate citation, which is required by Local Rule 56.1, the district court

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

accepted the facts asserted by Kautex.  After conducting a thorough analysis of Wilson's claims, the district court granted Kautex's motion for summary judgment.

Wilson argues on appeal that summary judgment was inappropriate because material facts remain disputed and because a jury is required to make any credibility determinations.  She repeats many of the allegations that she failed to support with citation to competent evidence before the district court.  But the district court had previously reminded the parties that they were required to comply with Local Rule 56.1, and Kautex had notified Wilson that it planned to move for summary judgment and explained what she would have to do in response.  *See Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992).  So strictly enforcing Local Rule 56.1 was well within the district court's discretion, *see Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359-60 (7th Cir. 2009), even though Wilson is a pro se litigant, *see Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001).

Nor do we see any error in the district court's well-reasoned analysis of Wilson's claims.  We too accept the facts asserted by Kautex and view them in the light most favorable to Wilson.  *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).  Kautex hired Wilson, who is African American, to work as the administrative assistant to Eldon Fuller, the vice president of operations at Kautex's facility in Avilla, Indiana.  Fuller was Wilson's direct supervisor, but Russ Fatum, the human resources business partner at the Avilla facility, was responsible for training Wilson and assigning some of her work.

During Wilson's first week on the job in April 2005, Fatum asked her to clean and organize a supply closet that had fallen into disarray.  Later that same week, Fatum instructed Wilson to attend an offsite meeting and, because she was not familiar with Avilla, asked her to ride with a male employee who knew the way.  Wilson was offended by both directives.

Then in May, according to her complaint, Wilson complained about her new job to Sara Broschay, a human resources employee at Kautex's corporate headquarters in Michigan.  When pressed at her deposition for details about this and other later complaints to Broschay, Wilson recalled that she had told Broschay she was being treated unfairly because she was required to submit her expense reports on paper instead of through the electronic system used by her coworkers.  In fact, however, Hollman explained that he initially asked Wilson to submit paper reports "to ensure she understood the process" and delayed granting her access to the electronic system because she kept making mistakes.  Fuller and Fatum never knew about Wilson's conversations with Broschay, and there is no evidence that Broschay took Wilson's complaints seriously.

In the weeks that followed, Fuller assigned Wilson to order supplies for the Avilla facility, but she had difficulty learning Kautex's electronic ordering program. When Bryan Hollman, the controller at the Avilla facility, refused to approve her deficient order requests, Wilson accused him of "abusing" his power to make her job "as difficult as possible" and told other employees to submit their supply orders directly to him instead. Occasionally the facility ran out of supplies because Wilson had not ordered sufficient quantities, and other times she used unauthorized vendors without permission. Fuller asked Fatum to provide "guidance" to Wilson, so Fatum sent her an encouraging e-mail with advice on using the computer system. Hollman also offered Wilson further training.

Throughout this time Wilson had trouble working with other Kautex employees. At times she refused to accept assignments from Fatum and insisted that he first talk to Fuller. She also sparred with Hollman when he denied her deficient order requests. Other coworkers complained to Fuller and Fatum that Wilson was "rude, disrespectful, and uncooperative." Fuller discussed these complaints with her in June 2005 and again in August. Although Wilson told Fuller that her coworkers did not like her, she did not say or imply that their antipathy had anything to do with her sex or race.

In August Fuller and Hollman denied Wilson's request to be reimbursed for cell phone expenses because her job did not require a cell phone. Later that month Fatum discovered that Wilson had, of her own accord, rewarded other employees with gift certificates. Fuller and Fatum reminded Wilson that she was permitted to give out these "recognition awards" only with Fuller's authorization. Fuller and Fatum also discovered that Wilson had worked overtime without permission and reminded her that Fuller had to authorize all overtime hours.

A series of incidents in November and December 2005 resulted in Wilson being fired. Wilson asked Fatum if she could purchase a DVD player for the facility; he said no, but she purchased one anyway. Then an employee from another facility complained to Fuller that, when she asked Wilson to reserve a conference room in Avilla, Wilson was rude and unprofessional. And after that Wilson bought three tickets to Kautex's holiday party even though each employee was permitted to bring only one guest. When Wilson learned that she could not bring two guests, she berated Sheryl Ritchie, who was organizing the party, and demanded a refund for all three tickets. Ritchie complained to Fatum about Wilson's tirade.

Fuller and Fatum told Wilson on November 29 that her performance was unacceptable and that she would be fired if she did not improve. In particular they cited her "poor treatment of other employees," her difficulties ordering supplies, and her refusal

to take orders from Fatum. But just a few days after that warning, Wilson had yet another confrontation with a coworker, gave away more "recognition awards" without Fuller's authorization, and once again worked overtime without permission. Fuller fired Wilson on December 6 after learning about these incidents. Fatum wrote Wilson on December 7 to explain that she had been fired because of her "violation of company rules relating to payroll practices (unauthorized overtime), unauthorized purchases, unauthorized issuance of company property (recognition awards) and your general poor demeanor."

In support of her claim of a hostile work environment, Wilson asserts that she experienced ten incidents of harassment motivated by her sex or race. She explains in her appellate brief that the white, male employees who attended weekly management meetings with her belittled her by making inappropriate jokes and that once, when she was making coffee, Hollman walked by and quipped, "Coffee, tea or me?" She also alleges that on one occasion Fatum and other white employees refused to eat lunch with her, that Fuller asked her to wear "tight fitted blue jeans and sexy tops," and that an unknown Kautex employee tampered with her car. But there is no evidence in the record to substantiate these five incidents.

As for the other five incidents, Wilson's effort to characterize them as harassment is frivolous. Wilson complains about being assigned to clean the supply closet and told to share a ride to an offsite meeting with a male employee she did not know. But Fatum asked Wilson to clean the closet because that was one of the tasks she was hired to perform and asked her to share a ride to the offsite meeting so she would not have to navigate an unfamiliar city. Wilson also complains that she was not allowed to bring more than one guest to the holiday party, but no Kautex employee was allowed to bring more than one guest. And although Wilson complains that she was not issued a company cell phone and that the troubles she had with Kautex's computer systems were a result of racial harassment, her job did not require her to have a cell phone, and Fuller, Fatum, and Hollman all offered her support and encouragement as she struggled to master Kautex's computer systems. Not only are these complaints trivial, but they have nothing to do with Wilson's sex or race.

Wilson's claim that she was fired because of a discriminatory motive is similarly flawed. She produced no evidence that Kautex fired her because of her sex or race. *See Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 781 (7th Cir. 2007); *Sylvester v. SOS Children's Vills. Ill., Inc.*, 453 F.3d 900, 902-04 (7th Cir. 2006). Nor did she fare any better under the indirect method. Wilson did not establish a prima facie case of discrimination because she produced no evidence that she was meeting Kautex's legitimate expectations. *See Dear v. Shinseki*, 578 F.3d 605, 610 (7th Cir. 2009). To the contrary, the record reveals that

Wilson was unable to perform her assigned duties and all the while was breaking company rules and mistreating her coworkers.

Wilson's retaliation claim was also doomed. She alleged that Fuller asked her to stop attending weekly management meetings and later fired her because she complained to Broschay about the Avilla facility's discriminatory practices. But there is no evidence in the record that Wilson ever spoke to Broschay. In any event, because it is undisputed that Fuller and Fatum never knew about Wilson's complaints, their decision to fire her could not have been made in retaliation for those complaints. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668-69 (7th Cir. 2006).

AFFIRMED.